**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CALIFORNIA INSTITUTE OF TECHNOLOGY, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF PASADENA and UNITED STATES OF AMERICA, <br><br> Defendants. <br><br> AND RELATED COUNTERCLAIMS, AND CROSSCLAIMS | Case No. 2:23-cv-07681-AB-AJR <br><br> **DISCOVERY MATTER** <br><br> [PROPOSED] **PROTECTIVE ORDER** <br><br> First Am. Compl. Filed: Nov. 22, 2023 <br> Judge: Hon. André Birotte Jr. |

The Parties to this Agreed Protective Order have agreed to the terms of this Protective Order and have shown good cause; accordingly, it is ORDERED:

**Good Cause Statement.**

1. This action is likely to involve trade secrets, confidential government records, matters of national security, and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential research and development, and information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep

confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2.     Scope.

(a)     Discovery Materials are subject to this Protective Order upon being designated as Protected Information by the Producing Party in accordance with Paragraph 2 or, in the case of deposition testimony, transcripts, and exhibits, as described in Paragraph 8(b).  This Protective Order acknowledges that Discovery Materials might be duplicates of documents or information previously exchanged between the Parties either through FOIA requests, FTCA claims, related State litigation, or prior to the Court entering this Protective Order.  Such Discovery Materials designated as protected information in those processes or proceedings may similarly be deemed Protected Information in this matter and shall be handled as Protected Information in accordance with this Protective Order.  Except for those actions and Discovery Materials, the Parties agree that this Protective Order does not apply to copies obtained outside of discovery in this litigation (e.g., in investigations prior to litigation), nor does it apply to documents that already exist in the administrative record maintained by NASA or are otherwise already in the public record.

(b)     Nothing in this Protective Order supersedes existing independent statutory, law enforcement, National Security, or regulatory obligations imposed on a Party, and this Protective Order does not prohibit or absolve the Parties from

complying with such other obligations.

    (c) This Protective Order shall not prejudice any Party's ability to challenge the use or disclosure of information other than information designated as Protected Information under this Protective Order in this litigation. A Party's compliance with the terms of this Protective Order shall not operate as an admission that any particular material is or is not (a) confidential, (b) privileged, or (c) admissible evidence at trial.

    (d) This Protective Order governs the disclosure, use, and handling of all Protected Information, regardless of the format or medium in which such Protected Information is generated, stored, or maintained.

    (e) This Protective Order applies only to disclosures, uses, and handling of Protected Information so designated after the entry of this Protective Order. However, the Parties acknowledge that for documents designated as Protected Information in a similar action between the Parties, such as prior FOIA requests, FTCA claims, or State actions, there is a presumption that this information retains its protective status if used or produced in this matter.

  3. Designation of information as Protected Information.

    (a) If a Producing Party has a good faith belief that certain Discovery Materials are entitled to confidential treatment under Rule 26(c) of the Federal Rules of Civil Procedure, the Producing Party may designate such Discovery Materials as Protected Information by marking them in accordance with Paragraph 5. The grounds for designating Discovery Materials as subject Protected Information are outlined in Paragraph 3(c). Protective Information is information subject to this Protective Order including, without limitation, the information described in Paragraph 3(e).

    (b) Use of Search Terms or Other Technology. The prosecution and defense of this action may require each Party to review and to disclose large quantities of information and documents, including electronically stored information, through

the discovery process.  As a result, a full page-by-page preproduction review of Discovery Materials may impose an undue burden on the Parties' resources that is disproportionate to the needs of the case.  Therefore, the Court determines that a Producing Party may designate Discovery Materials as subject to this Protective Order based on search terms, filtering, or other method or technology employed to identify information that might be entitled to confidential treatment under Rule 26(c) of the Federal Rules of Civil Procedure provided these search terms or methods are applied with reasonable diligence.  Documents may be designated in their entirety, rather than page by page.

   (c) Information or documents that are available to the public and not otherwise determined to be privileged or protected for national security may not be designated as Protected Information.

   (d) Communications regarding settlement of this matter may not be designated as Protected Information, but may otherwise be privileged, confidential, and/or protected from disclosure, dissemination, or use in litigation in accordance with applicable local or federal rules.

   (e) The Producing Party may revoke its designation of Discovery Materials as Protected Information by providing a copy that is knowingly and intentionally not marked in accordance with Paragraph 5, or by having counsel of record orally withdraw the designation on the record during a deposition.

   4. Definitions.

   (a) "Discovery Material" means records, paper documents, ESI, information, or other tangible things or materials produced or adduced in the course of discovery in this litigation, including initial disclosures; responses to subpoenas, interrogatories, and requests for production; deposition testimony and exhibits; and information derived therefrom.

    (b) "ESI" means electronically stored information in any form, including but not limited to conventional electronic documents (e.g. spreadsheets, PDFs, and word processing documents), electronic mail, the contents of databases, mobile phone messages, digital and analog recordings (e.g., of voicemail), and transcripts of instant messages.

    (c) "Parties" means the parties to this litigation including their relevant in-house counsel respective agents, successors, personal representatives and assignees.

    (d) "Producing Party" means: (i) a Party to this litigation including their counsel who is producing paper documents, ESI, or other tangible things or materials in response to a discovery request served in this action; or (ii) a non-party person or their counsel who is producing documents, ESI, or other materials in response to a subpoena served in connection with this action.  If the Producing Party is not a Party to this litigation, it shall provide contact information to the Parties of record by filling out the form in Attachment B and providing it to the Party who requested the Discovery Materials.  Within 30 days of receiving a form submitted under this subparagraph, the Party who requested the Discovery Materials must serve a copy on all counsel of record in accordance with Rule 5 of the Federal Rules of Civil Procedure.

    (e) "Protected Information" means documents, information, or other materials that are asserted to be entitled to confidential treatment under Rule 26(c) of the Federal Rules of Civil Procedure and that have been designated as subject to this Protective Order by the Producing Party. Protected Information subject to this Protective Order includes, without limitation:

    1 information prohibited from disclosure by statute, regulation, rule, for reasons of national security, or other law or policy;

    2 government controlled unclassified information (CUI) subject to limited dissemination controls, including but not limited to (1) limited

dissemination controlled technical information, (2) unclassified controlled nuclear information (UCNI), (3) export-controlled information (ECI), (4) official use only information (OUO), (5) protected critical infrastructure information or water assessments;

3  confidential contracts, and other derivative or supporting documents that contain Protected Information, including contracts with the government of the United States of America relating to national security;

4  research, technical, commercial, or financial information that has been maintained as confidential, including information that reveals trade secrets or confidential business information;

5  medical information concerning any individual;

6  personally identifiable information, including without limitation social security numbers, and financial information associated with individuals;

7  income tax returns (including attached schedules and forms), W-2 forms, and 1099 forms; or

8  personnel or employment records of an individual.

(f)    "Non-Party Protected Information" means Discovery Materials that contain information the Parties received from a non-party and that has been designated as Protected Information by any Party because (i) the submitting non-party has asserted that the Discovery Materials are entitled to confidential treatment under Rule 26(c) of the Federal Rules of Civil Procedure, (ii) the submitting non-party has claimed that the Discovery Materials are protected from public disclosure when it submitted the materials to the United States (e.g., information in the possession, custody, or control of the United States Environmental Protection Agency that was designated as CUI, ECI, OUO, or otherwise protected for national security,

"Confidential Business Information," "Proprietary," "Trade Secret," "Business Confidential," or the substantial equivalent thereof and submitted pursuant to Executive Order 13556. 32 CFR Part 2002, DOD Instruction 5200.48, Defense Federal Acquisition Regulation (DFAR) Supplement (DFARS) Sections 252.204-7008 and 252.204-7012, 40 C.F.R. Part 2, Subpart B, and 14 C.F.R. Part 1206, Subpart F, prior to the commencement of this action), or (iii) the Party has informed the submitting non-party that the Discovery Materials would be protected from public disclosure by applicable federal law.

(g) "The Receiving Party" is a Party that receives Protected Information from a Producing Party.

5. **Marking of Discovery Materials as Subject to this Protective Order**. To designate paper documents, image files, or tangible things as Protected Information, the Producing Party shall mark each page, image, or thing with the words "SUBJECT TO PROTECTIVE ORDER." For image files, including placeholders, these words must be branded onto each image (as opposed to an overlay), and must be positioned to avoid obscuring parts of the image that are not blank.

6. Redactions

(a) A Producing Party may redact Protected Information in lieu of producing it subject to this Protective Order, provided that the Protected Information is not relevant to any Party's claims or defenses or that redaction of such information would be required pursuant to Rule 5.2 of the Federal Rules of Civil Procedure.

(b) In the event that a redacted copy of a document must be filed on the public docket in support of, or in addition to, a copy filed under seal, the Producing Party shall prepare the redacted copy, or may approve the filing Party's redacted version, at the filing Party's request. The Producing Party must prepare the redacted copy, or approve the proposed redactions, within a reasonable period of time.

///

7. Production Protocols.

(a) In the case of Discovery Materials being produced electronically, the Producing Party shall enclose with such production a load file that includes a field that indicates which records correspond to Protected Information.

(b) Discovery Materials that are designated in accordance with Paragraph 4 are Protected Information under this Protective Order, regardless of the Producing Party's failure to comply with this Paragraph 6.

8. **Disclosure of Protected Information.** Except as stated in the subparagraphs below, or as otherwise ordered by this Court, the Parties shall not disclose Protected Information to any other person. When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

(a) **Disclosures Pursuant to Signed Attachment.** The Parties may disclose or permit the disclosure of Protected Information to persons within categories listed below provided that each such person signs Attachment A, "Acknowledgment of Understanding and Agreement to Be Bound." Counsel shall retain all signed acknowledgments for a period of three years after the termination of the litigation including all appeals and need not produce such acknowledgements unless the requesting person establishes prima facie evidence of a violation of this Protective Order.

(i) Outside consultants, investigators, or experts retained by counsel and used by a Party to assist in the preparation and trial of this action;

(ii) Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings, including court reports, litigation support personnel, jury consultants. Individuals to prepare demonstrative and audiovisual aids

for use in the courtroom or in depositions as well as their staff, stenographic and clerical employees whose duties and responsibilities require access to such materials,

        (iii)    Any person specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process paper documents or electronically stored documents; and

        (iv)    Witnesses in this action to whom disclosure is reasonably necessary may receive a copy of documents containing Protected Information during the deposition and for the purpose of reviewing their transcript, but may not retain a copy.

    (b)    **Disclosures without Signed Attachment**.  The Parties may disclose or permit the disclosure of Protected Information to persons within categories listed below without the requirement to sign Attachment A:

        (i)    Individual Parties and employees of a Party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary: (A) to the conduct of the litigation in which the information is disclosed, or (B) to a federal law enforcement investigation;

        (ii)    Counsel for the Parties and employees of counsel who have responsibility for this litigation (including but not limited to paid or unpaid, temporary or permanent law clerks, paralegals, and administrative or clerical personnel);

        (iii)    The Court and its personnel;

        (iv)    Court reporters and recorders engaged for depositions;

        (v)    The author or recipient of the document (not including a person who received the document in the course of litigation); and

        (vi)    Other persons only by written consent of the Producing Party or upon order of the Court and on such conditions as may be agreed or ordered.

9.    **Use of Protected Information**.  Except as stated below, neither the Parties nor any third party contemplated by Paragraph 7 of this Protective Order shall

use Protected Information for any purpose other than this litigation, any mediation regarding this litigation, or settlement discussions regarding this litigation or other matters between the same Parties. Except as otherwise provided for in this order, all Protected Information shall not be used by the Receiving Party for any business, commercial, competitive, personal, or other purpose, and shall not be disclosed by the Receiving Party to anyone other than those set forth above, unless and until the restrictions herein are removed either by written agreement of counsel for the Parties or by Order of the Court.

(a) Counsel may give advice and opinions to their clients solely relating to this action based on their evaluation of the Protected Information provided that such advice and opinions shall not reveal the content of such Protected Information to individuals or entities other than those identified herein, except by prior written agreement of counsel for the parties or by Order of the Court.

(b) The Parties may use information as authorized by an order of this Court.

(c) The United States may use Protected Information only for lawful governmental or law enforcement purposes, and may, notwithstanding any other provision of this agreement, only disclose Protected Information to federal agencies, bureaus, instrumentalities, including law enforcement agencies in furtherance of lawful governmental or law enforcement purposes.

10. Procedures regarding Protected Information.

(a) **Control of Documents.** Counsel for the Parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure or use of Protected Information.

(b) Depositions.

(i) All deposition testimony taken in this case shall be treated as Protected Information if so designated in good faith at the time of the deposition. A

Party may designate additional Protected Information within thirty days after receiving the transcript in draft or final form, unless the Parties in attendance at the deposition agree, on the record or in writing, to a shorter time period.

    (ii) Prior to the expiration of the time period provided in Paragraph 9(b)(i), any Party may serve a Notice of Designation to all Parties identifying the specific portions of the transcript that are designated Protected Information. After the time period provided in Paragraph 9(b)(i) expires, only those portions of the transcript identified in a Notice of Designation will continue to be Protected Information under this Protective Order, unless otherwise ordered by the Court.

    (iii) Notwithstanding anything to the contrary in this Paragraph 9(b), a Party may disclose prior deposition testimony to a witness during his or her deposition in accordance with Paragraph 7(a)(iii).

    (iv) Notwithstanding any other provision in this Paragraph 9(b), portions of each transcript containing testimony directly related to a document containing Protected Information of a non-party shall be treated as Protected Information.

  (c) **Filing of Protected Information.** The Parties may not file Protected Information except under seal. However, this Protective Order does not, by itself, authorize the filing of any document under seal. Any Party wishing to file Protected Information in connection with a motion, brief, or other submission to the Court must comply with Local Civil Rule 79-5.2.2, and any other relevant orders of the Court.

  (d) **Use of Protected Information at Trial or Hearing.** This Order does not apply to the use of Protected Information at a hearing or trial. The Court may hereafter make such orders as are necessary to govern the use of such documents or information at a hearing or trial.

11. Inadvertent Failure to Designate.

(a) An inadvertent failure to designate Discovery Materials as Protected Information does not, standing alone, waive the right to so designate the Discovery Materials; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Protective Order, even if inadvertent, waives any protection for deposition testimony, except for deposition testimony related to Non-Party Protected Information as provided in Paragraph 3. If a Producing Party designates a document as Protected Information after it was initially produced, the other Parties, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Protective Order, and the Producing Party shall provide replacement documents marked in accordance with Paragraph 4. No Party shall be found to have violated this Protective Order for failing to maintain the confidentiality of material during a time when that material has not been designated Protected Information. If a Party identifies a document (not previously marked or identified as Protected Information) that appears on its face or in light of facts known to the Party to contain Protected Information of any person, the Party identifying the information is under a good-faith obligation to notify the Producing Party and/or the interested person of the disclosure. Such notification does not waive the identifying Party's ability to subsequently challenge any assertion that the document contains Protected Information. If the Producing Party or other interested person wishes to assert that the document contains Protected Information, it shall provide such notice and replacement copies endorsed in compliance with this Protective Order.

12. **Challenges to Designations.** The designation of any Discovery Materials as Protected Information is subject to challenge by any Party, as follows.

(a) **Meet and Confer.** A Party challenging the designation of Protected Information must do so in good faith and must begin the process by

conferring directly with counsel for the Producing Party. In conferring, the challenging Party must explain the basis for its belief that the designation was not proper and must give the Producing Party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The Producing Party must respond to the challenge within 14 business days, except as provided in Subparagraph (b).

(b) **Judicial Resolution.** If, after satisfying the requirements of Paragraph 11(a) of this Protective Order, a Party elects to challenge a designation, that Party may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a certification of counsel that affirms that the movant has complied with the meet and confer requirements of Paragraph 11(a) of this Protective Order. The Producing Party shall bear the burden of persuasion in any such challenge proceeding, provided however, that a person in interest may seek to intervene in accordance with the Federal Rules of Civil Procedure. Until the Court rules on the challenge, all Parties shall continue to treat the materials as Protected Information under the terms of this Protective Order.

13. Effect of this Protective Order.

(a) The production of documents by a Producing Party pursuant to this Protective Order constitutes a court-ordered disclosure within the meaning of 40 C.F.R. § 2.209(d); the Privacy Act, 5 U.S.C. § 552a(b)(11); the Health Insurance Portability and Affordability Act of 1996 ("HIPAA") implementing regulations, 45 C.F.R. § 164.512(a), (c)(1)(i); and the Trade Secrets Act, 18 U.S.C. § 1905.

(b) Except on grounds of an applicable privilege assertion or as otherwise provided by applicable federal rules not addressed by this Protective Order, no person may withhold documents, information, or other materials from discovery in this litigation on the ground that they require protection greater than that afforded by

this Protective Order, unless that person obtains a stipulation or moves for an order providing such special protection.

(c) Nothing in this Protective Order prohibits the Parties from using or disclosing, for purposes other than this litigation, documents or information that the Parties obtained outside of this litigation.

(d) Nothing in this Protective Order or any action or agreement of a Party limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

(e) Nothing in this Protective Order may be construed or presented as a final judicial determination that any Protected Information is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

(f) Nothing in this Protective Order waives the Government's obligations with respect to the dissemination, safeguarding, and control of classified and other information (*e.g.*, CUI and other classifications) as governed by federal law and policy. The Government may mark such information as "Protected Information" without having to obtain a stipulation or order.

14. Documents requested or demanded by non-parties.

(a) If any Party is served with a discovery request issued in other litigation, that seeks documents, ESI, or other material designated as Protected Information by another Producing Party, the Party served with the request, must, within ten days of determining that the request seeks Protected Information:

(i) notify the Producing Party and provide a copy of the request; and

(ii) inform the person responsible for the discovery request of this Protective Order and provide them with copy of this Protective Order.

(b) The Parties shall not produce Protected Information in response to any request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, or any discovery request or other request or demand except in compliance with: (i) this Protective Order (e.g., with the consent of the Producing Party), (ii) a directive of this Court removing the designation as Protected Information, or (iii) a lawful directive of another court. Information that has already been produced under FOIA might be designated as Protected Information if it meets the qualifications of Rule 26(c) of the Federal Rules of Civil Procedure, and if it falls within one of the identified categories of Protected Information within this order.

(c) If the United States withholds or it has been determined the United States has withheld Protected Information from its response to a FOIA request and the requesting party subsequently files an action or motion in court challenging that withholding, the United States shall, as soon as practicable, provide notice to the Producing Party of service of the action or motion.

(d) Nothing in this order prohibits a Party from filing a motion with this Court seeking modification of this order to allow the disclosure of Protected Information. Any such motion must be served on the Parties in accordance with the Federal Rules of Civil Procedure and must describe in detail the proposed disclosure.

15. Obligations on Conclusion of Litigation.

(a) **Order Continues in Force.** Unless otherwise agreed or ordered, this Protective Order will remain in force after dismissal or entry of final judgment not subject to further appeal.

(b) **Obligations at Conclusion of Litigation.** Within 120 days after dismissal or entry of final judgment not subject to further appeal and subject to the Federal Records Act, 44 U.S.C. § 3101 et seq., and other legal obligations, the Parties shall take reasonable steps to ensure that all Protected Information is destroyed or returned to the Producing Party, unless the same document or information is being

retained for a similar litigation. Copies of Protected Information that are stored on electronic media that are not reasonably accessible, such as disaster recovery backup media, need not be returned or destroyed so long as they are not made accessible (e.g., disaster recovery backups are not restored); if such data are made accessible, the receiving Party must take reasonable steps to return or destroy the restored Protected Information or documents as provided by this subparagraph.

(c) **Retention of Work Product and One Set of Filed Documents.** Notwithstanding the above requirements to return or destroy Protected Information, counsel may retain documents and records consistent with law firm policy and other legal obligations. To the extent additional copies are retained by counsel of record notwithstanding the employment of reasonable efforts to return or destroy Protected Information, such retained copies remain protected under this order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Protected Information.

(d) **Retention of Law Enforcement Documents.** Notwithstanding the above requirements to return or destroy Protected Information, the Army Corps of Engineers, the Environmental Protection Agency, and other law enforcement agencies may retain Protected Information in use for lawful governmental or law enforcement purposes pursuant to Paragraph 8(b), subject only to applicable laws and regulations, e.g., 28 C.F.R. part 16.

16. **Order Subject to Modification.** This Protective Order is subject to modification by the Court on its own initiative or on motion of a Party or any other person with standing concerning the subject matter.

17. This Protective Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

SO ORDERED.

Dated: October 6, 2025

_____
HON. A. JOEL RICHLIN
UNITED STATES MAGISTRATE JUDGE

Attachment A
# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA INSTITUTE OF TECHNOLOGY, <br>     Plaintiff, <br> v. <br> CITY OF PASADENA and UNITED STATES OF AMERICA, <br>     Defendants. <br> AND RELATED COUNTERCLAIMS, AND CROSSCLAIMS | Case No. 2:23-cv-07681-AB-AJR <br><br> First Am. Compl. Filed: Nov. 22, 2023 <br> Judge:  Hon. André Birotte Jr. |

**Acknowledgment of Understanding and Agreement to be Bound**

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms.  The undersigned submits to the jurisdiction of the United States District Court for the Central District of California in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use materials designated as or asserted to be Protected Information in accordance with the specific terms of the Protective Order.  The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

Dated: _____   Signature: _____

**Attachment B**
**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CALIFORNIA INSTITUTE OF TECHNOLOGY, <br>         Plaintiff, <br>   v. <br><br>CITY OF PASADENA and UNITED STATES OF AMERICA, <br><br>         Defendants. <br><br>AND RELATED COUNTERCLAIMS, AND CROSSCLAIMS | Case No. 2:23-cv-07681-AB-AJR <br><br>First Am. Compl. Filed: Nov. 22, 2023 <br>Judge:  Hon. André Birotte Jr. |

**Contact Information for Non-party**
**Producing Documents Subject to Protective Order**

On [Date], the Court entered a protective order, ECF No. __, (the "Protective Order"). The person identified below is not a Party to this action but is a "Producing Party" within the meaning of the Protective Order. In accordance with the terms of the Protective Order, the contact information for this Producing Party is as follows:

Name of Producing Party: _____
Contact Person: _____
Mailing Address: _____
_____
Phone: _____

This contact information is being provided to [name of party issuing subpoena], who must, under the terms of the Protective Order, serve a copy of this form on all counsel of record pursuant to Rule 5 of the Federal Rules of Civil Procedure. This contact information may be changed at any time by submitting new information using this form to [name of party issuing subpoena]